JAMES W. ANDREWS & COMPANY, plaintiffs in error, *vs.* THE GWINNETT MANUFACTURING COMPANY *et al.,* defendants in error.

The stockholders in the Gwinnett Manufacturing Company may be joined as defendants in an action by a creditor against the corporation. As they are liable for the debts of the company in proportion to the stock severally held by them, the pleadings should show the proportion. If the plaintiff has omitted to set out the amounts in the original pleadings, he can amend so as to insert them. Proceedings in this form would not affect the right of the stockholder, under the charter, to require any judgment thus obtained to be first enforced against the property of the company.

Corporations. Stockholders. Pleadings. Before Judge RICE. Gwinnett Superior Court. September Term, 1873.

Andrews & Company brought complaint against the Gwinnett Manufacturing Company, and certain stockholders in said company, on an account for $378 49.

The charter, Act of 1858, pages 69, 70, contains (section 3,) personal liability clause, and also (section 4,) a provision for requiring the president to furnish a list of stockholders when called on.

At the trial, the stockholders moved to dismiss as to them, on the ground that their liability was not primary but secondary, and the Court sustained the motion, and plaintiffs excepted. Plaintiffs then moved to amend the declaration so as to aver that there was no individual in office on whom this notice could have been served, so as to obtain the list of stockholders, and to set out in detail the names of the stockholders at the time the debt was created, and amount of stock held by each, and offered to ascertain and supply by proof the facts which would have appeared in the president's schedule, if accessible and truthfully made. This motion the Court overruled, holding that the stockholders could only be proceeded against in the manner pointed out in the charter, and that the remedy there given to the creditors is specific and not merely cumulative, and dismissed the action as to the stockholders. To which ruling plaintiffs excepted.

N. L. HUTCHINS; HILLYER & BROTHER, for plaintiffs in error.

1st. Both the "right and the remedy" are fully given by the 3d section of the charter. The 4th section is merely for convenience and in cumulation of the common law: R. R. Co. vs. Carr, 1 Kelly, 524; Wallace vs. Cason, 42 Ga., 435; Code, sec. 3376.

2d. The declaration in present form sufficient: Cameron vs. Moore and wife, 10 Ga., 368.

3d. But if not, then clearly the amendments proposed by the plaintiffs were sufficient to retain the case. If the plaintiffs could not obtain the list of stockholders on notice from

the president, the plaintiffs' rights were not thereby lost. It was not the placing of their name on this list which made the stockholders liable. They were liable before, and the schedule or list of names was merely for convenience; and the plaintiffs were entitled to aver and prove that they could not get the names by notice, and then go on and show that the defendants, Camp, and Camp, as administrator, and Simmons, all of whom were regularly served, were stockholders, and what was the liability of each. The degree, order and comparative liability of the defendants amongst themselves could be no bar to the action. If the liability existed, the right of action existed, and the judgment would be moulded so as to fix the rights of each defendant amongst themselves: Code, secs. 3251, 2243, 3082, 3250, 2165, 2166.

James P. Simmons, for defendants in error.

1st. Under the charter, the individual liability of the stockholders is *secondary* and not *primary*, and that they cannot be sued jointly with the corporation, except as provided therein: Acts of 1858, pp. 69, 70; 14 Barb., 559.

2d. If liable to suit otherwise than as provided in the charter, the stockholders cannot be sued until judgment and *fi. fa.* against the corporation, and a return of *nulla bona* thereon: 11 Ga., 514, 515.

3d. When stockholders in a corporation are made liable to a limited extent, and a specific and sufficient remedy is provided in the charter, whereby the amount for which each is liable may be easily ascertained and their liability speedily enforced, they cannot, at common law, be proceeded against in any other way. The charter cannot be altered without their consent: 6 Ga., 131, 156; 11 *Ibid.*, 438; 14 *Ibid.*, 334; 8 *Ibid.*, 527, 468; 19 *Ibid.*, 325. ("Measured by the charter—a contract.") Ang. & Ames on Cor., p. 801, sec. 767; 14 Wheat., 518; 11 Ga., 483.

TRIPPE, Judge.

It is true, that by the charter of the Gwinnett Manufacturing Company, the judgment obtained on a debt due by the corporation is first to be levied on the corporate property. But it is specially provided that the stockholders may be made parties to the suit, at least that the president of the company shall, upon notice, file, at the first term, a schedule showing the names of all the stockholders and the amount of stock held by each. When judgment is obtained it is the duty of the clerk to indorse on the execution a copy of said schedule, which is the guide to the levying officer in the collection of the same. The effect of this is to make the stockholders primarily liable to be sued, liable to have judgment rendered against them in proportion to their stock, although the corporate property is first to be levied on.

If the particular mode allowed by the charter is the only one by which a creditor can reach the stockholder, then, as in this case, if the president is unable to furnish the schedule, all remedy is gone. The charter expressly declares the stockholders to be "bound and liable for the payment of all the debts of the company in proportion to the amount of stock owned by each at the time the debt was contracted." It is a declaration of joint liability, to-wit: of the corporation and of the stockholders, and one method is given whereby it can be enforced. If that remedy is impracticable on account of the inability of the chief officer of the company, the right of the creditor still exists, and if a right then there must be a remedy. Indeed, if a liability exists on the part of the stockholders jointly with the corporation, and the levying of the execution on the property of the stockholders, is merely postponed until the corporate property is first taken, a right of action against both jointly exists in the creditor, and if the charter gives him some additional mode whereby he may enforce his right, it is a cumulative and not exclusive remedy, unless so declared, or is to be so construed by necessary implication: 42 *Georgia*, 435; 1 *Kelly*, 524; Code, section 3376.

It is not the placing of the names on the schedule to be returned by the president, nor on the execution by the clerk, that makes the stockholders liable. They were liable before, by the charter, and that was only a means of ascertaining who they are, and the amount or proportion of their liability. The plaintiff proposes to do this himself, to furnish the names of the stockholders and the amount of their stock, and to make them parties directly to the suit. There is no reason why he should not be allowed to do this if he choose to take the burden, and especially is it his right, if it be his only means of enforcing his claim. Of course, when a plaintiff elects or is forced so to proceed, he must set forth whatever is necessary to show the proportion of each stockholder's liability who is made a party. Amendments for that purpose, when necessary and proper, can be made. When the proceedings are thus adopted by the creditor, the right of the stockholders to require the judgment to be first enforced against the corporate property remains unaffected.

Judgment reversed.